JOSEPH S. DZIDA - Bar No. 89459
jdzida@crdattorneys.com
CALLANAN, ROGERS & DZIDA, LLP
800 South Figueroa Street, Suite 1100
Los Angeles, California 90017-2521
Telephone: (213) 599-7595
Facsimile: (213) 599-7596

Attorneys for Plaintiffs CHERINE
MEDAWAR and JILL MEDAWAR,

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERINE MEDAWAR and JILL MEDAWAR, <br><br> Plaintiffs, <br><br> v. <br><br> OTIS ELEVATOR COMPANY; DOES 1-10; <br><br> Defendants. | Case No. **2:20−cv−05155 DMG (Ex)** <br><br> **FIRST AMENDED COMPLAINT** <br><br><br> District Judge **Dolly M. Gee** <br><br> Magistrate Judge **Charles F. Eick** <br><br> Complaint Filed**: January 29, 2020** |

1    Plaintiffs alleges each of the following claims in the alternative, not necessarily in
2  order of importance:

3

4                          **FIRST CLAIM FOR RELIEF**

5                    **(Breach of Contract—as to all Defendants)**

6

7    1.    Plaintiffs are the owners of the property located at 25024 Narbonne, Lomita,
8  California 90717 (the "Property").  On or about October 24, 2018, Plaintiffs entered into a
9  partly written and partly oral contract (the "Contract") with Defendant OTIS ELEVATOR
10  COMPANY ("Otis") under which Otis agreed to furnish and install an elevator and all
11  necessary related equipment at the Property obtaining all necessary inspections and permits,
12  and completing the work within a reasonable time.  Exhibit 1 and Exhibit 2 attached and
13  incorporated by reference are true and correct copies of writings reflecting many of the terms
14  of the Contract.  The Contract was to be performed in Los Angeles County, California.

15

16    2.    Plaintiffs have performed all conditions on their part under the Contract, or
17  have been excused from such performance by the prior material breach of Otis.

18

19    3.    Within the two years preceding the filing of this lawsuit, Otis breached the
20  Contract (and the covenant of good faith and fair dealing implied in it) by among other
21  things:

22

23         (a)    Failing to complete the work within a reasonable time.

24         (b)    Failing to obtain and timely schedule all necessary inspections and
25  permits.

26         (c)    Demanding that Plaintiffs pay for a "reinspection" when Otis had never
27  even performed an inspection in the first place.

28

&#x20;       (d)     Failing, despite request, to turn over the keys to the elevator system and equipment so that Plaintiffs could have access to it and determine the extent of the work completed and the work needing to be completed.

&#x20;       4.      This misconduct was the legal cause of general and special damages to Plaintiff in amounts according to proof not less than $1 million; including but not limited to the loss to Plaintiffs of a lucrative tenant for the Property, carrying costs during the period of delay by Otis, and other increased expenses which Otis knew would result from its misconduct.

&#x20;       5.      Plaintiffs do not know the true names of DOES 1-10 but are informed and believe and based on information and belief allege that these DOES are somehow responsible for the misconduct and damages alleged.

## **SECOND CLAIM FOR RELIEF**

### **(Intentional Breach of Contract With Intent To Cause Substantial Consequential Damages—as to all Defendants)**

&#x20;       6.      Paragraphs 1--5 are incorporated by reference in this claim as though set forth at length.

&#x20;       7.      In the alternative, Plaintiffs are informed and believe and thereon allege that Otis intentionally breached the contract.  This misconduct was the legal cause of general and special damages to Plaintiff in amounts according to proof not less than $1 million; including but not limited to the loss to Plaintiffs of a lucrative tenant for the Property, carrying costs during the period of delay by Otis, and other increased expenses which Otis knew would result from its misconduct.  Plaintiffs are informed and believe and thereon allege that Otis

-3-
FIRST AMENDED COMPLAINT

engaged in this misconduct intending or knowing that such a breach would cause severe, unmitigable harm in the form of such substantial consequential damages to Plaintiffs.

8. Otis, nevertheless, proceeded to engage in such misconduct. Plaintiff is informed and believes and thereon alleges that Otis did so, intending to coerce and extort Plaintiffs into paying extra to Otis and into paying unwarranted overtime to Otis in order to get Otis to perform as it had originally promised. (*E.g. Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990.) Otis, in fact, demanded such payments before it would perform, and delayed in performing while it demanded such additional unwarranted payments.

## **THIRD CLAIM FOR RELIEF**

**(Fraud [Fraudulent Promise Made Without Intent to Perform]—as to all Defendants)**

9. Paragraphs 1--5 are incorporated by reference in this claim as though set forth at length.

10. In the alternative, Plaintiffs are informed and believe and thereon allege that Otis made these promises without any intent to perform, and that, instead, Otis made these false promises, intending later to coerce and extort Plaintiffs into paying extra to Otis and into paying unwarranted overtime to Otis in order to get Otis to perform as it had originally promised. (*E.g. Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 990.) Otis, in fact, demanded such payments before it would perform, and delayed in performing while it demanded such additional unwarranted payments.

11. In justifiable reliance on these promises, Plaintiffs entered into the Contract with Otis.

FIRST AMENDED COMPLAINT

12. Plaintiffs are informed and believe and thereon allege that Otis so conducted itself with the intent to deceive and defraud Plaintiffs. Plaintiffs are informed and believe and thereon allege that Otis made these false promises intending or knowing that its failure to perform them would cause severe, unmitigable harm in the form of substantial consequential damages to Plaintiffs; including but not limited to the loss to Plaintiffs of a lucrative tenant for the Property, carrying costs during the period of delay by Otis, and other increased expenses.

13. This misconduct was the legal cause of general and special damages to Plaintiff in amounts according to proof not less than $1 million; including but not limited to the loss to Plaintiffs of a lucrative tenant for the Property, carrying costs during the period of delay by Otis, and other increased expenses which Otis knew would result from its misconduct.

14. Plaintiffs are informed and believe and thereon allege that Otis engaged in this misconduct maliciously, with the intent to harm Plaintiffs, and in conscious disregard of Plaintiffs' rights. Plaintiffs are informed and believe and thereon allege that managing agents of Otis (including Kim Boyle, Carrie Bruhl, and Victor Camarena) directly participated in or ratified this misconduct. Accordingly, Plaintiffs seek an award of punitive damages in amounts according to proof.

## FOURTH CLAIM FOR RELIEF

### (Negligence; as to all Defendants)

15. In the alternative, Otis voluntarily undertook to provide elevator installation, inspection and permitting services to Plaintiffs within the time parameters requested and needed by Plaintiffs.

16. Otis negligently failed to timely perform these services.

17. This misconduct was the legal cause of general and special damages to Plaintiff in amounts according to proof not less than $1 million; including but not limited to the loss to Plaintiffs of a lucrative tenant for the Property, carrying costs during the period of delay by Otis, and other increased expenses which Otis knew would result from its misconduct.

18. Plaintiffs do not know the true names of DOES 1-10 but are informed and believe and based on information and belief allege that these DOES are somehow responsible for the misconduct and damages alleged, and also that these DOES acted as the agents of Otis with respect to such misconduct and damages.

WHEREFORE Plaintiffs pray judgment against Defendants and each of them as follows:

(i)      For damages in amounts according to proof not less than $1 million.

(ii)     For punitive damages in amounts according to proof.

(iii)    For interest on such damages at the legal rate from October 24, 2018, or such other date as the court may determine.

(iv)     For attorney's fees, litigation expenses and costs of suit to the extent permitted by law, if any.

(v)      For such other and further relief as this court may deem just and proper.

1  DATED:  June 25, 2020                    CALLANAN, ROGERS & DZIDA, LLP
2                                           JOSEPH S. DZIDA
3
4                                           By:  _____
5                                                Joseph S. Dzida
6                                                Attorneys for Plaintiffs
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-7-
FIRST AMENDED COMPLAINT

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

      At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.   My business address is 800 South Figueroa Street, Suite 1100, Los Angeles, CA 90017-2521.

      On June ____, 2020, I served true copies of the following document(s) described as **FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

      **[X] BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address nlyons@crdattorneys.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful

      **[X] BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on June _____, 2020, at Los Angeles, California.


                          /s/ Natasha Lyons
                          Natasha Lyons

**SERVICE LIST**

TUCKER ELLIS LLP                          Attorneys for Defendant OTIS
Daniel J. Kelly, Esq.                          ELEVATOR COMPANY
daniel.kelly@tuckerellis.com           .
201 Mission Street
Suite 2310
San Francisco, CA 94105
Telephone: 415.617.2400
Facsimile: 415.617.2409


TUCKER ELLIS LLP
Anthony D. Brosamle, Esq.
anthony.brosamle@tuckerellis.com
Valeria Golodnitska, Esq.
valeria.golodnitska@tuckerellis.com
515 South Flower Street Forty-Second
Floor Los Angeles, CA 90071
Telephone: 213.430.3400
Facsimile: 213.430.3409

FIRST AMENDED COMPLAINT